NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2009
Decided July 15, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-4042

|  |  |
|---|---|
| ROSS L. NELSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 C 1428 |
| UNITED PARCEL SERVICE, INC., *Defendant-Appellee*. | Rebecca R. Pallmeyer, *Judge*. |

**ORDER**

Ross Nelson, a 52-year-old black man, sued United Parcel Service for firing him on the basis of his race and age in violation of Title VII of the Civil Rights Act and the Age Discrimination Act. *See* 42 U.S.C. §§ 2000e *et seq*. and 29 U.S.C. §§ 621 *et seq*. The district court granted summary judgment in favor of UPS and we affirm.

Nelson had been a part-time employee of UPS and a member of Teamsters Local 705 Union for five years when in the summer of 2005, he became a seasonal package car driver.

UPS's summer season runs from Easter through the Friday after Labor Day, and UPS temporarily promotes part-time employees during its summer season to cover for full-time drivers who are on vacation. Nelson trained for two weeks before working as a driver in the Naperville Center, but after complaining that he did not have the opportunity to work enough hours, he succeeded in transferring to UPS's facility in Palatine, Illinois, where Krystin Krause was the manager. While working at the Palatine Center, Nelson regularly misdelivered packages, and UPS supervisors had to ride with him nine times to help him improve his performance.

At the end of the summer season, Krause met with Nelson and a union representative and informed Nelson that UPS was transferring him back to a part-time position. Nelson believed that the collective-bargaining agreement entitled him to seniority as a driver, and so during the meeting, Krause and the union representative called Tom Haefke, the UPS District Labor Relations Manager, for clarification. Haefke told Nelson that his part-time position was the only one available to him, and if he refused it, he would be terminated. Nelson nonetheless insisted on seniority and the full-time position; he refused the part-time job. As predicted, Haefke terminated him. Nelson then filed a grievance with his union claiming that UPS fired him on the basis of his age and race, but the union ultimately decided not to pursue the grievance.

Nelson then sued UPS for age and racial discrimination. Nelson claimed that while working at the Palatine facility, Krause referred to him as "Old Silver" nearly every other day and that his division manager, Waring Lester, informed him that Krause and other supervisors had said he was too old and slow for the job. According to Nelson, Lester told him that the supervisor's remarks were motivated by racism. Nelson also alleged that after the meeting where he was told he would be terminated if he did not accept his part-time job, he overheard Krause say, "we are going to fire that nigger today." UPS filed for summary judgment and included affidavits provided by Lester disputing these claims. Krause, who had since left UPS and could not be located, did not provide an affidavit.

The district judge granted UPS's motion for summary judgment. The judge concluded that Nelson had failed to show discrimination under either the direct or indirect method of proof. The judge reasoned that Krause's alleged comments regarding Nelson's age were insufficient to create a "convincing mosaic" supporting a circumstantial case of discrimination under the direct method, and that Krause's alleged comment that she intended to "fire that nigger today" was not relevant because it was uttered after UPS had decided to fire Nelson. As for the indirect case, the judge concluded that Nelson had failed to identify any similarly situated employees who were treated more favorably.

On appeal Nelson argues that the district court should have considered Krause's comments about his age as direct evidence of discriminatory intent rather than part of the "mosaic" establishing a circumstantial case. To make a noncircumstantial case under the direct method of proof, Nelson would have to present evidence which, if believed by a jury, would prove that UPS acted with discriminatory intent: an admission or "near admission" that the employer's decision was discriminatory. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1114 (7th Cir. 2009); *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490-91 (7th Cir. 2007). But Krause's comments that Nelson was too old and too slow, as well as repeated references to him as "Old Silver," are nothing more than "stray remarks" disconnected from the decision to terminate Nelson and do not constitute an admission that he was fired because of his age. *See Hemsworth*, 476 F.3d at 491.

Nelson also argues that the district court should have considered Krause's alleged comment that she was going to "fire that nigger today" as direct, noncircumstantial proof that he was fired based on his race. Although Nelson is correct that we can consider the comment even though it was made after the decision to return Nelson to part-time work had been made, *see Nagle*, 554 F.3d at 1115, it is the *only* evidence of discrimination on the basis of race in the entire record. The comment, though reprehensible if indeed it was made, proves only that Krause referred to Nelson using a racist epithet and that she personally harbored racial animus; it does not alone prove that UPS terminated Nelson because of his race. *See Hemsworth,* 476 F.3d at 491. The comment was not made by the actual decisionmaker, Labor Relations Manager Haefke, nor was it in any way attributed or imputed to him.

Nelson also argues that the district court erred in finding that he failed to make a prima-facie case for discrimination under the indirect method of proof. He argues that UPS never offered a legitimate, nondiscriminatory reason to return him to part-time work. But UPS had to offer a nondiscriminatory reason only *after* Nelson made out a prima-facie case, which Nelson never did. *See Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009). In order to make out a prima-facie case for discrimination, Nelson must show that he (1) is a member of a protected class; (2) is qualified for the position; (3) was rejected for the position; and (4) the position was given to someone who was outside of his protected class and was similarly or less qualified than him. *Jackson v. City of Chicago*, 552 F.3d 619, 622 (7th Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). As the district court pointed out, Nelson offered no evidence to satisfy step four. Although at summary judgment Nelson submitted the names of several employees whom he claimed were younger than him and retained after seasonal employment, UPS provided proof that none of those employees were retained as permanent drivers. Nelson still cannot point to any UPS employee similarly situated to him who received better treatment than he did, and

thus he failed to make out an indirect case for racial or age discrimination.

Finally, the parties devote considerable attention to arguing whether Nelson had obtained seniority under the collective-bargaining agreement and was therefore "demoted" when UPS returned him to part-time work. Because we hold that UPS is entitled to summary judgment in any case, we need not address that question here.

**AFFIRMED**.